# HUSCH BLACKWELL

Daniel P. Jaffe
Attorney

60 East 42nd Street, Suite 4600
New York, NY 10165
Direct: 212.485.9805
Fax: 314.480.1505
dan.jaffe@huschblackwell.com

January 8, 2021

**Via ECF**

Hon. Diane Gujarati
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *YSN Imports Inc. et al. v. Oberlander*, et al. Case No. 1:20-cv-05981-DG-LB, United States District Court for the Eastern District of New York – Request for Pre-Motion Conference for Leave to File Motion to Dismiss or for Summary Judgment pursuant to Fed. R. Civ. P. 12 or 56. Individual Practice Rules III. A.

Dear Judge Gujarati:

Pursuant to Individual Practice Rules III. A., Defendants request a Pre-Motion Conference for Leave to File Motion to Dismiss or for Summary Judgment pursuant to Fed. R. Civ. P. 12 or 56.

### Statement of the Case - Undisputed Material Facts

Plaintiffs allege that the "Shipper Association Membership Enrollment" is the agreement ("Membership Enrollment") upon which their claims are based. Newman Decl., ¶¶ 6-8 (Doc. Nos. 7, 7-3); Coleman Decl., ¶ 13, (Doc. Nos. 8, 8-4); Amended Complaint, ¶¶ 29-31, 42 (Doc. No. 19). Plaintiffs do not have an obligation to ship any cargo through the defendant Shippers Association ("U Shippers") and suffer no penalties for not doing so. Oberlander Decl. Opp., ¶ 13, d, e. (Doc. No. 16-1). By its own terms the Membership Enrollment does not obligate U Shippers to provide shipping opportunities, but rather provides that the Shipper [Member] authorizes U shippers or its management to "...negotiate and enter into service contracts with ocean carriers on a case by case basis on Shipper's behalf as a member of the Association." Member Enrollment, ¶ 4. (Doc. Nos. 7-3, 8-4). Plaintiffs claim there are no fees under the Member Enrollment, except for the Container Management Fee which is charged on an "as used" basis at $55 per container. Member Enrollment, ¶ 5, *supra;* Newman Decl., ¶¶ 6-8, 10, *supra;*. Coleman Decl., ¶¶ 9, 15, *supra;* Amended Complaint, ¶¶ 30, 38, 44, *supra.* Plaintiffs concede that the additional fees at issue are also charged only on a per container shipped basis. Newman Decl., ¶¶ 20, 22, *supra;* Coleman Decl., ¶¶ 20, 28, *supra;* Amended Complaint, ¶¶ 55, 64, *supra.* In sum,

**HUSCH BLACKWELL**

Hon. Diane Gujarati
January 8, 2021
Page **2** of **3**

the purported contract upon which this case is based places no obligations on the parties for any future performance, nor charges any fees except for services actually used.

U Shippers is a non-stock Delaware not-for-profit corporation formed as a "shippers association" authorized by the Shipping Act of 1984, as mended 1998. Oberlander Decl. Opp., ¶ 4, *supra;* Amended Complaint, ¶ 11 (Association a Delaware non-stock corporation).

### Argument

The Membership Enrollment upon which Plaintiffs base their claims does not constitute a valid contract because: (1)there are insufficient objective manifestations of the mutual assent of the parties to enter into a binding contract; and (2) there is a lack of consideration or mutuality of obligation. Mutual assent is an essential element in the formation of a contract and meeting of the minds of the parties must be shown. *Zheng v City of New York*, 19 N.Y.3d 556, 573-574, 973 N.E.2d 711,722-723 (2012)("the key question…is whether the parties to the putative contract exhibited 'an intent to contract'"); *citing Brown Bros. Elec. Contractors, Inc. v. Beam Const. Corp.*, 41 N.Y.2d 397, 361 N.E.2d 999 (1977). In order for a contract to be enforceable it must be supported by adequate consideration. *Weiner v McGraw Hill, Inc.*, 57 N.Y.2d 458. 463, 443 N.E.2d 441, 444-445 (1982) (consideration consists of either a benefit to the promisor or a detriment to the promise, i.e., something is promised, done, forborne or suffered by the party to whom the promise is made).

The Membership Enrollment which Plaintiffs claim is the "agreement" between the parties manifests neither mutual assent by the parties to enter into a binding contract, nor consideration or mutuality of obligation. Members pay no membership fees to join the Association and they are not obligated to ever ship anything through the Association. Likewise, the Association is not obligated to provide shipping opportunities, i.e., members only authorize the Association to negotiate on their behalf to provide such opportunities. The only reference the Membership Enrollment makes to a relevant obligation is if a member books a shipment through an Association service contract with a carrier, then a $55 per container fee is incurred which is ultimately paid to the Association through the carrier. Therefore, the Membership Enrollment merely provides a framework for the parties to enter into a binding contract, or series of binding contracts, on a shipment by shipment basis without further future obligation. Upon joining the Association, Plaintiffs were given access at no charge to the Twill computerized booking system which enabled them at their option to book shipments through Maersk. There is no obligation for the Association to continue to provide such access because Plaintiffs have paid no consideration for such access. Specifically, Plaintiffs have neither paid money nor made a promise to ship at least a minimum amount of cargo with Maersk for such access.

Plaintiffs are members of the Association, a Delaware non-stock corporation. It is well-established under the applicable Delaware law "…that ***a member of a non-stock corporation has no vested right in such a membership*** in that unlike stock held in a business corporation,

Hon. Diane Gujarati
January 8, 2021
Page **3** of **3**

membership in a non-stock corporation may not be transferred or inherited unless the corporate charter or by-laws of such a corporation so provide…[citations omitted]". *Wier v Howard Hughes Medical Institute*, 407 A.2d 1051, 1054-55 (1979) (emphasis added). In this case Plaintiffs have no vested rights to remain members of the Association.

Plaintiffs' Amended Complaint asserts eight causes of action. All of these causes of action are premised upon some intent to contract between the parties and consideration stemming from the Membership Enrollment. There is insufficient space to discuss each of these causes of action. Defendants request that the Court give them leave to elaborate on this with a motion to dismiss or for summary judgment supported by a memorandum of law, declarations and the record of this case.

Thank you for your consideration.

Respectfully submitted,

/s/ *Daniel P. Jaffe*

Daniel P. Jaffe
Attorney for Defendant

c: All Counsel of Record via ECF